## PATRICK J. EGAN v. THORPE BROS.[1]

November 8, 1935.

No. 30,535.

*M. A. Jordan* and *Thomas Kneeland,* for appellant.
*Best, Flanagan & Rogers* and *Merrill Shepard,* for respondent.

[1]Reported in 263 N. W. 109.

PER CURIAM.

Action to recover the purchase price of a mortgage bought of the defendant. The trial court directed a verdict in favor of the defendant, and from an order denying his motion for a new trial plaintiff appeals.

Defendant is a general real estate and mortgage company. In 1924 plaintiff purchased from the defendant a mortgage on property described therein as lot three (3), block three (3), Burnham Wood, Minneapolis, Minnesota. Plaintiff, previous to this sale, had dealt with defendant for many years and had bought from it several mortgages. Defendant had sent plaintiff a list of mortgages that it had for sale, the mortgage here in question being listed thereon at $500. Plaintiff went to the offices of defendant, where he interviewed a clerk. He contends that he asked the clerk what the size and description of the property was, that the clerk, instead of answering this question, told him that the lot was vacant property. He then paid $500 for the mortgage. As a matter of fact the lot was trapezoidal in form. It had a 60-foot frontage on Burnham Boulevard, was something over 125 feet in depth, and was only 20 feet in width at the back. It is plaintiff's contention that the lot was misrepresented to him by the defendant's clerk when he failed to disclose the form of the lot; that he believed that the lot was rectangular in shape; and that had the clerk disclosed to him, in answer to his query, that the mortgage covered a lot of the character here described, he would not have purchased it. Plaintiff alleges that he was not apprised of the shape of the lot until 1933.

Plaintiff's brief contains the well-recognized rules applicable to fraud perpetrated by silence. We think they are not here applicable. An examination of the record discloses no evidence that would have justified the trial court in submitting the case to a jury. Egan may have thought that the lot was rectangular in form, but nothing that was said or done by defendant led him to this conclusion.

We cannot spell out of the record any confidential relation between plaintiff and defendant that would require defendant to ascertain and disclose the shape of the lot. That fact was easily ascertainable by either party.

Affirmed.